UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 19, 2013

LETTER TO COUNSEL

    RE: *Mary Frances Vinson v. Commissioner of Social Security*;
          Civil No. SAG-12-1743

Dear Counsel:

    On June 13, 2012, claimant Mary Frances Vinson petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Vinson's reply. (ECF Nos. 14, 15, 16). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

    Ms. Vinson filed her claims for benefits on January 30, 2006, alleging disability beginning that same date. (Tr. 99-104). Her claim was denied initially and on reconsideration. (Tr. 42-45, 53-54). Administrative Law Judge Barbara Powell ("the ALJ") held a hearing on September 3, 2008, and subsequently issued an opinion denying benefits based on a determination that Ms. Vinson was not disabled.[1] (Tr. 29-37). On August 5, 2010, the Appeals Council remanded Ms. Vinson's case for a new hearing. (Tr. 38-41). The same ALJ held another hearing on November 24, 2010. (Tr. 555-96). On January 20, 2011, the ALJ issued a new opinion again denying benefits. (Tr. 12-26). The Appeals Council denied Ms. Vinson's request for review, (Tr. 7-10), so the ALJ's 2011 opinion is the final, reviewable decision of the agency.

    The ALJ found that Ms. Vinson suffered from the severe impairments of chronic obstructive pulmonary disease (COPD)/restrictive airway; anxiety disorder, affective disorder; somatoform disorder; personality disorder; obesity; and is status-post excision right wrist ganglion 2007. (Tr. 18). Despite these impairments, the ALJ found that Ms. Vinson had retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) except she should avoid concentrated exposure to heat, cold, humidity changes, dust, fumes, and gases;

---

[1] A transcript of the original hearing is not included in the record.

> due largely to obesity, she cannot perform more than occasional stooping, crouching, crawling, squatting, kneeling, or balance; no climbing stairs/ladders/scaffolds, dangerous heights, or dangerous machinery; she is limited to occasional grasping and fingering with the right hand; and only occasional interaction with the general public.

(Tr. 20). After considering testimony from a vocational expert ("VE"), the ALJ concluded that Ms. Vinson could perform work existing in the local and national economy, and that she therefore was not disabled. (Tr. 25-26).

Ms. Vinson makes several arguments in support of her appeal: (1) that the ALJ failed to provide substantial evidence in support of her RFC; and (2) that the ALJ failed to evaluate listing 3.03. I agree that the ALJ failed to identify and consider the respiratory listings, and I further find evidence that the ALJ may have denied Ms. Vinson a full and fair hearing of her claim. For those reasons, remand is warranted.

With respect to the RFC, the record contains medical evidence both supporting and undermining Ms. Vinson's claims of impairment. It appears that the ALJ cited to substantial evidence in support of her conclusion that Ms. Vinson retained the assigned RFC.[2] However, the ALJ failed to abide by the preliminary step of evaluating whether Ms. Vinson's impairments met any of the listings governing impairments of the respiratory system. The ALJ's listing analysis was limited solely to Ms. Vinson's mental impairments. (Tr. 19-20). I cannot find harmless error, because Ms. Vinson makes a plausible argument that, in the 2009-2010 time frame, she suffered a sufficient number of asthma attacks requiring physician intervention to meet listing 3.03B. Pl. Reply 3. While the record may contain evidence refuting that conclusion, absent express evaluation of the listing by the ALJ, the ALJ's listing consideration defies review. In so finding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Vinson was not entitled to benefits was correct or incorrect.

I am also troubled by the tenor of Ms. Vinson's hearing. Claimants are entitled to a full and fair hearing of their claims, and where such hearing is denied, the case should be remanded under 42 U.S.C. § 405(g). *Sims v. Harris*, 631 F.2d 26, 27 (4th Cir. 1980). During the hearing in this case, the ALJ (1) repeatedly threatened to postpone the hearing due to Ms. Vinson's coughing (which results from her pulmonary disorders), (2) continually interrupted counsel; (3) spent significant time chastising counsel for referring to the ALJ as a "Hearing Examiner;" and (4) subsequently told counsel she was "imposing" by continuing to question the claimant and limited counsel to a "wrap-up question." Because Ms. Vinson's case is being remanded for failure to consider the pulmonary listings, I need not determine whether the treatment of Ms. Vinson and her counsel amounted to denial of a full and fair hearing. However, on remand, both

---

[2] Ms. Vinson's argument regarding the hypothetical question to the VE lacks merit. While Ms. Vinson correctly notes that the hypothetical referred to sedentary work and the RFC permitted light work, because sedentary work can be performed by an individual with the capacity to perform light work, the error is harmless. *See* 20 C.F.R. § 404.1567(b).

Ms. Vinson and her attorney should be permitted a fair opportunity to present their claims in a professional environment.

For the reasons set forth herein, Ms. Vinson's motion for summary judgment (ECF No. 14) and Defendant's motion for summary judgment (ECF No. 15) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                                Sincerely yours,

                                                /s/

                                                Stephanie A. Gallagher
                                                United States Magistrate Judge